ORSINI *v.* COMAS ET AL.

APPEAL from the District Court of Mayaguez.

No. 27.—Decided March 14, 1906.

FRAUDULENT CONTRACTS.—Although the contracts entered into under the circumstances and on the conditions enumerated in paragraph 2 of section 1264 of the Civil Code are presumed fraudulent, that presumption is not conclusive.

Id.—Action for Rescission.—The action for the rescission of a transfer or a contract is a subsidiary one according to the provisions of section 1261 of the Civil Code.

Id.—Fraud of Creditors.—So that an action may lie on a contract in fraud of creditors, it is necessary that the creditors be unable to recover their debts in any other action.

Appeal—Evidence—Bill of Exceptions—Statement of Facts.—So that the Supreme Court may be able to decide whether or not certain facts were established on the trial, it is necessary that it consider the evidence, and the evidence must be brought before it in a bill of exceptions, a statement of the case, or a statement of facts.

Judgments.—Judgments rendered by lower courts are presumed to be correct until the contrary is properly established.

The facts are stated in the opinion.

*Mr. Alvarez Nava* for appellant.

*Mr. Quintero* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This is an action brought by Andrés Orsini against Eugenio Comas Atresino and Rafael Vera Ithier, in the District Court of Mayaguez, to set aside and nullify the transfer of two promissory notes which are described in the complaint, which alleges them to have been made in fraud of the plaintiff who is a creditor. This request is equivalent to asking for the rescission of said transfer in accordance with the 3d paragraph of article 1258 of the Civil Code. The transfer mentioned in the complaint might be presumed to be fraudulent in accordance with the second paragraph of article 1264 of the said Civil Code, but this presumption is not absolute, and does not exclude proof to the contrary.

Such an action as this, brought for the rescission of a transfer or a contract, is a subsidiary one, according to the provisions of article 1261 of the Civil Code, and according to the third paragraph of article 1258 of the same Code, in order that a contract may be held to have been executed in fraud of creditors, it is necessary that they should not be able to collect their debts in any other manner.

The opinion of the district judge, rendered on the trial of this case, sets out all the points, both of law and of fact, that were necessary to the decision of the case, and perhaps the

matter cannot be better explained than by quoting some paragraphs of the opinion.

However, in reading this opinion it is necessary to remember that the district judge has quoted from the old Civil Code, in force prior to the 1st of July, 1902, when it was superseded by the present Code, which is largely a reenactment of the Old Code, but the numbers of nearly all of the different articles have been changed, so that the references made by the district judge are altogether misleading, unless this fact is borne in mind. Courts are presumed to be aware of all the changes made in the statute laws of the Island, and certainly in stating the law governing any particular case citations ought to be made from the law in force, instead of one which has been repealed. In reproducing parts of this opinion we have taken the pains to insert the proper numbers of the different articles of the Civil Code which is now in force in parenthesis, each after the number of the article mentioned by the trial judge. With this explanation we will quote from the opinion. It reads in part as follows:

"After due consideration of the evidence produced at the trial of the case and of the allegations of the parties, the opinion of the court is that the facts and the law are against the plaintiff, Andrés Orsini Santini, and, therefore, it dismisses the suit, with costs against the plaintiff, basing its decision on the ground that the transfer of the two promissory notes, which it is sought to have rescinded by this suit, was not made to defraud creditors.

"The opinion of the court is based on the following grounds and legal conclusions: As a legal remedy sought by this suit, plaintiff prays this court to render judgment declaring thereby that the transfer of the two promissory notes, to which the fifth paragraph in the statement of facts made in the complaint refers, was made in fraud of creditors, imposing the costs of the proceedings upon the defendants, Eugenio Comas Atresino and Rafael Vera Ithier, and ordering that said promissory notes be delivered to him, the said plaintiff, to subject them to the execution of the judgment rendered against Eugenio Comas by which he was condemned to the payment of $705 plus interest and costs. And said fifth paragraph of the statement of facts made in the complaint reads: 'That each of the two promissory notes

whose payment has been retained, is for the value of $750, and they are due respectively on the 19th of March, 1907, and 1908.'

"It is to be observed that the prayer of the complaint, or the remedy sought for, is simply to obtain a declaration to the effect that said transfer of the two promissory notes was made in fraud of creditors, but the complaint does not state whether such declaration should be made as a consequence of the plaintiff's belief that said transfer was null and of no effect, or as a consequence of the same being liable to be rescinded as being intended to defraud him of his credit, rendering thereby his petition somewhat ambiguous for the reason that the object of the action does not plainly appear. Nevertheless, as the object of the plaintiff seems to have been to make use of the latter action, the arguments having been directed to the same effect, this court being unable to change its terms, the legal point to be decided by the court is whether said transfer of the two promissory notes above mentioned may be rescinded as being intended to defraud plaintiff of his credit.

"The legal question thus presented, the validity of said transfer is impliedly accepted by the plaintiff, as under section 1290 (1257) of the Civil Code, contracts legally executed are the only ones which may be rescinded; and under paragraph 3 of section 1291 (1258) those contracts made in fraud of creditors may also be rescinded. Therefore, the question to be previously ascertained is whether the transfer of the two aforesaid promissory notes was made to defraud the only known creditor, who, in this case, is the plaintiff Andrés Orsini. And for this purpose we should bear in mind section 1294 (1261) of said law which prescribes that the action for rescission is a subsidiary one and can be used only when the injured person has no other legal remedy to obtain reparation for the injury. We should also have in mind paragraph 3 of section 1291 (1258) whereby it is prescribed that contracts executed in fraud of creditors may be rescinded only when the latter cannot recover in any other manner what is due them. This being the law as prescribed by the sections above mentioned, the court should ascertain whether the plaintiff has, or has had, any other legal remedy which he has not used, outside of the action of rescission, and supposing provisionally the transfer to have been made in fraud of plaintiff in respect to his credit, it should be ascertained also whether the latter cannot recover what is due him by means of any other action than the present one.''

Here follows a lengthy discussion of various articles of the Civil Code which it is unnecessary to quote at length.

The trial court in the last paragraph of its judgment places its decision mainly on the ground that the plaintiff had another adequate remedy and that this action for a rescission on account of fraud was proper only when the injured creditor has no other legal remedy to recover his money.

In our opinion many of the general principles herein referred to and quoted as announced by the district judge are correct, though some of them may be inapplicable to this case, so far as the record shows. However, the evidence brought before the court was not only documental, but oral, and it was certainly necessary in so far at least as regards the oral evidence to present that by a bill of exceptions or a statement of facts in order for it to be considered by this court. This general principle has been announced by this court in the case of *The People of Porto Rico* v. *Pascual Borras and others* (9 P. R. Rep., p. 370), decided on the 24th of November, 1905; and in the case of *The People of Porto Rico* v. *Osvaldo Laborde and others,* decided on the 4th of December, 1905 (*Id.,* p. 403.)

We believe these decisions to have been correct, at least in so far as they refer to oral testimony, and none of them are founded on any other kind of evidence. Thus applying these principles to the present case, we would say that the complaint herein was held not to be sustained, and in order to reverse the judgment rendered by the district court, it is necessary that this Supreme Court find to be proven by the evidence all the facts which are essential or indispensable to authorize the rescission of the transfer made from one defendant to the other of the promissory notes mentioned in the complaint. This transfer cannot be rescinded without sufficient testimony brought before the court below to sustain such action, and this court cannot know the purport of such testimony, unless such facts are presented properly on appeal. We are not able to examine the question of whether or not these facts have been proven unless they are brought to the notice of the court by a statement of the case, a bill

of exceptions or a statement of facts, as is required by the Code of Civil Procedure.

In the absence of such documents, it must be presumed in this case that the facts necessary to justify a rescission of the transfer were not properly proven, inasmuch as the judgment rendered by the trial court is presumed to be correct, in the absence of anything properly shown to this court, establishing the contrary.

From all that properly appears in the record there was no fundamental error in the judgment rendered by the court below, and there was no proof offered in said court which would justify this court in setting aside the judgment from which this appeal is taken and granting a new trial, or rendering judgment in favor of the appellant, as we are requested to do.

Taking all these matters into due consideration, it is clear that the judgment of the District Court of Mayaguez, rendered on the 24th of February, 1905, should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.